# FILED

**NOT FOR PUBLICATION**

OCT 29 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10406 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00075-TLN-1 |
| v. | |
| DANIEL OMAR LOPEZ-BETANCOURT, AKA Daniel Nicholas Lopez, AKA Daniel Omar Lopez, AKA Juan F. Munoz, AKA Juan Francisco Munoz, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10407 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00230-TLN-1 |
| v. | |
| DANIEL OMAR LOPEZ-BETANCOURT, AKA Daniel Nicholas Lopez, AKA Daniel Omar Lopez, AKA Juan F. Munoz, AKA Juan Francisco Munoz, | |
| Defendant - Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 18, 2015[**]
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges, and LEMELLE,[***] Senior District Judge.

Daniel Omar Lopez-Betancourt pleaded guilty to violating the terms of his supervised release and illegally reentering the United States after being deported following a felony conviction. Lopez-Betancourt appeals, arguing that: (1) the district court abused its discretion by requiring him to use the services of an interpreter; (2) the district court abused its discretion by ordering his sentences to run consecutively rather than concurrently; and (3) his sentence was substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

[1] The parties are familiar with the facts, so we will not recount them here.

2

Where "ability to communicate [is] not inhibited by language problems, appointment of an interpreter [is] within the district court's discretion." *United States v. Si*, 343 F.3d 1116, 1122 (9th Cir. 2003)*; United States v. Petrosian*, 126 F.3d 1232, 1235 & n.4 (9th Cir. 1997). After proceeding without an interpreter, Lopez-Betancourt requested an interpreter at a change-of-plea hearing. The court warned Lopez-Betancourt that from that point forward he would have to proceed with an interpreter to avoid unnecessary "back and forth." Lopez-Betancourt agreed. One month later at a status hearing, Lopez-Betancourt changed his mind about the interpreter and requested to speak directly to the court. Given Lopez-Betancourt's prior agreement to use an interpreter in all subsequent proceedings, the district court did not abuse its discretion in appointing an interpreter or in denying Lopez-Betancourt's attempt to waive use of an interpreter. Moreover, even if Lopez-Betancourt's later request to proceed without the interpreter should have been granted, Lopez-Betancourt has not demonstrated that he was prejudiced in any way by the use of an interpreter.

Nor did the district court abuse its discretion in ordering Lopez-Betancourt's sentences to run consecutively. "[I]n determining whether the terms imposed are to be ordered to run concurrently or consecutively, [the court] shall consider . . . the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). But the district court

3

need not "tick off each of the § 3553(a) factors to show that it has considered them." *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Here the district court stated that its sentencing determination was based on "the defendant's criminal history" and "his level of involvement" in the crimes. This sentencing statement was consistent with §§ 3553(a) and 3584(b), and the decision to allow the sentences to run consecutively was not an abuse of discretion.

The district court's sentence was also substantively reasonable. Lopez-Betancourt claims that the district court sentence was substantively unreasonable because the court did not consider potential mitigating factors. There is no support in the record for this assertion. The district court stated that it reviewed the case in detail and specifically referred to the background information provided by probation and defendant's counsel. Lopez-Betancourt's sentence was at the low end of the Guideline range. Given Lopez-Betancourt's history of repeated deportations and serious criminal violations, his sentence was not unreasonable.

**AFFIRMED**